# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-969


LACEY DOYLE ROGERS

VERSUS

ROBIN L. HOOTER, RAPIDES PARISH CLERK, ET AL.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 255,740
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Herman M. Savoie, Jr.**
**Attorney at Law**
**P. O. Box 712**
**Alexandria, LA 71309**
**(318) 448-8002**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lacey Doyle Rogers**

**Thomas R. Willson**
**Attorney at Law**
**1330 Jackson St.**
**Alexandria, LA 71301**
**(318) 442-8658**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Mike Deloach Construction, LLC**
    **Mike DeLoach**

**Robin L. Hooter**
**Clerk, Ninth Judicial District**
**P. O. Box 952**
**Alexandria, LA 71309**
**(318) 473-8153**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Robin L. Hooter, Rapides Parish Clerk**

**GREMILLION, Judge.**

The defendants-appellants, Mike Deloach Construction, LLC and Mike Deloach individually (Deloach), appeal the judgment of the trial court finding that Deloach's labor lien failed to conform to La.R.S. 9:4822 in that it did not reasonably itemize the amounts it sought to preserve. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff-appellee, Lacy Doyle Rogers, hired Deloach to construct a home on a tract of land she owns in Rapides Parish. Rogers failed to pay, and Deloach filed a labor and materialman's lien in the Rapides Parish Clerk of Court's office in the amount of $65,553.82 pursuant to the Louisiana Public Works Act found in La.R.S. 9:4801 et seq. In May 2016, Rogers filed a "Petition for Mandamus to Cancel and Erase Inscription of Privilege," urging that Deloach failed to file his construction contract with the clerk of court and, therefore, failed to preserve his contractor's privilege pursuant to La.R.S. 9:4801.[1]

Following a hearing, the trial court's 2016 judgment granted Rogers' petition for mandamus to cancel and erase inscription of privilege and to cancel and remove the labor and materialman's lien recorded in Mortgage Book 2899 at page 854 in the Rapides Parish Clerk of Court's office. The trial court found the lien failed to reasonably itemize the amount owed to Deloach, stating that "the flooring item is duplicative and the attempt to clarify the total debt owed to

---

[1] Deloach does not dispute that he failed to preserve his superior contractor's privilege because he did not file the construction contract or notice of contract with the clerk of court prior to the commencement of work pursuant to La.R.S. 9:4811(D), which provides that a general contractor's privilege granted by La.R.S 9:4801 is invalid if the contract price exceeds the estimate by $25,000 if notice of the contract is not filed. A contractor still may file a labor and materialman's lien pursuant to La.R.S. 9:4822(G).

Deloach by the affidavit does not clarify the information on the lien or assist in a 'reasonable itemization.'"[2] Deloach now appeals and assigns as error the trial court's grant of Rogers' request to cancel the lien.

## DISCUSSION

Louisiana Revised Statutes 9:4822(G)(4) (emphasis added) provides that a statement asserting a claim or privilege:

> Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and *reasonably itemize the elements comprising it* including the person for whom or to whom the contract was performed, material supplied, or services rendered. The provisions of this Paragraph shall not require a claimant to attach copies of unpaid invoices unless the statement of claim or privilege specifically states that the invoices are attached.

The evidence in the record includes the initial labor and materialman's lien filed by Deloach in October 2015, which states that "there is an outstanding balance in the amount of $65,553.82." The lien sets forth twenty-seven distinct line items, including labor and materials for the construction of Rogers' home. However, a July 2016 affidavit of Michael Deloach submitted into the record states that "the amount of the funds owed by Lacey Rogers for the work performed and material supplied by him is in the amount of $45,119.00," and "That the remainder of the amounts set forth in the affidavit-lien filed in this matter represents amounts owed to subcontractors."[3]

Also admitted into evidence were the liens of three subcontractors, to wit: Gregory Building Supply in the amount of $11,717.05, Coburn Supply Company

---

[2] Nevertheless the trial court admitted that Deloach is owed a debt for his labor and that he was not prohibited from pursuing a direct action for labor, services and/or materials.

[3] In an August 2016 memorandum in opposition to the petition to cancel the inscription and in brief, Deloach states that his material and labor lien amounts to $44,319.00. We are unable to determine the reason for the discrepancy.

2

in the amount of $8,335.18, and Floors Unlimited of Alexandria, LLC in the amount of $11,578.82.

The issue of whether the lien provided the reasonable itemization required of La.R.S. 9:4822(G) is one of fact which we review using the familiar manifest error standard of review. *See Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993); *Tee It Up Golf, Inc. v. Bayou State Const., LLC*, 09-855 (La.App. 3 Cir. 2/10/10), 30 So.3d 1159. Unfortunately, while we agree with Deloach that he has a claim for his labor and services, we are unable to determine from the record or the brief how he arrived at the sum of $45,119.00. Although there is an invoice that reasonably itemizes amounts due, at least one of the amounts listed is the sum owed Floors Unlimited of Alexandria in the amount of $11,578.82. Even when we subtract that amount from the total of the invoice, we do not arrive at the figure of $45,119.00. Nothing in Deloach's brief assists us in determining how that figure was computed. Accordingly, we find no error in the trial court's judgment granting Rogers' motion.

## CONCLUSION

The judgment of the trial court is affirmed. All costs of this appeal are assessed equally between the appellants, Mike Deloach Construction, LLC and Mike Deloach, and the appellee, Lacey Doyle Rogers.

**AFFIRMED**.

3